IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RACHAL WOOTAN, INDEPENDENT EXECUTRIX OF THE ESTATE OF EVELYN A. GAULKE, DECEASED, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. H:11-1887 |
| WELLS FARGO BANK, N.A., REX KESLER, T. REDER, J. FOLLIS, and N. SANCHEZ, | § § § § § | |
| Defendants. | § | |

ORDER

Pending is Attorney Michael B. Newman's Unopposed Motion to Withdraw (Document No. 11), in which Mr. Newman moves to withdraw as attorney for Plaintiff Rachal Wootan, Independent Executrix of the Estate of Evelyn A. Gaulke, Deceased. Although an individual litigant may represent herself in federal court without legal counsel, see 28 U.S.C. § 1654, certain litigants must be represented by an attorney. Thus, a corporation or a trust can be represented in a United States Court only by a duly licensed attorney who is admitted to practice in the Federal Court. See Knoefler v. United Bank of Bismarck, 20 F.3d 347, 348 (8th Cir. 1994) (trust); Donovan v. Rd. Rangers Country Junction, Inc., 736 F.2d 1004, 1005 (5th Cir. 1984) (corporation). The present motion by Plaintiff's counsel Mr. Newman raises the question of whether

the estate of a deceased, when it is a party to a federal case, must be represented by an attorney.

The Court has not found either United States Supreme Court or Fifth Circuit authority on this question, but certain circuit courts of appeals have considered the issue. See e.g., Pridgen v. Andresen, 113 F.3d 391, 393 (2nd Cir. 1997) (holding "an administratrix or executrix of an estate may not proceed pro se when the estate has beneficiaries or creditors other than the litigant."); Iannaccone v. Law, 142 F.3d 553, 558 (2nd Cir. 1998) ("A person must be litigating an interest personal to him."); Shepherd v. Wellman, 313 F.3d 963, 970 (6th Cir. 2002); Jones ex rel. Jones v. Correctional Medical Servs., Inc., 401 F.3d 950, 951-52 (8th Cir. 2005). The prevailing rule appears to be that if the sole beneficiary of the estate is the executrix herself and if the estate has no creditors, then the executrix may proceed *pro se*. In this case, however, there has been no showing that the independent executrix is the sole and exclusive beneficiary of the estate and that the estate has no creditors; indeed, the file reflects that Plaintiff's counsel Mr. Newman gave notice to creditors in March, 2010, and published such notice in the *Daily Court Review*. It well may be, therefore, that Independent Executrix Rachal Wootan is not eligible to represent and prosecute this federal case without causing another attorney to substitute for Mr. Newman upon his withdrawal. Accordingly, it is

ORDERED that Attorney Michael B. Newman's Unopposed Motion to Withdraw (Document No. 11) is CONDITIONALLY GRANTED, on condition that Mr. Newman immediately notify Plaintiff Rachal Wootan, Independent Executrix of the Estate of Evelyn A. Gaulke, Deceased, that her action may be subject to dismissal if the Estate is not represented by counsel and if the Independent Executrix is unable to show herself entitled to proceed *pro se* under federal law. His written notice to Ms. Wootan should be accompanied by a copy of this Order. Mr. Newman shall thereafter file herein a certification that such written notice has been given to Plaintiff Rachal Wootan, Independent Executrix of the Estate of Evelyn A. Gaulke, Deceased, which will fulfill the condition for counsel's withdrawal without further order of this Court. Thereupon, all future pleadings, notices, and correspondence shall be served on Plaintiff Rachal Wootan, Independent Executrix of the Estate of Evelyn A. Gaulke, Deceased, at 752 Main Street, Huntington Beach, CA 92648, until such time as Plaintiff shall have caused a new attorney to appear on behalf of Plaintiff.

The Clerk will enter this Order, providing a correct copy to all parties of record.

SIGNED at Houston, Texas, on this 29TH day of November, 2011.

EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE